# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James L. Davis and Davis and Associates, Inc. 401K Profit Sharing Plan, | Case No. 18-cv-2581 (PJS/ECW) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT TO JOIN PARTIES AND TO REMAND TO STATE COURT** |
| Jeffrey Mack and Lawrence Blaney, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Amend Complaint to Join Parties and to Remand to State Court (Dkt. No. 6) ("Motion"). For the reasons stated below, the Motion is denied.

## I.  BACKGROUND

Plaintiffs James L. Davis and Davis and Associates, Inc. 401K Profit Sharing Plan (the "Plan") brought this action against Defendants Jeffrey Mack and Larry Blaney in Hennepin County court in August 2018.[1] (Dkt. No. 1-1.) Plaintiffs allege they were victims of a fraudulent scheme to inflate the revenue of Digiliti Money Group, Inc. ("Digiliti") perpetrated by Defendants and "others." (Dkt. No. 1-1 ¶¶ 1-4.) The Complaint identifies Digiliti customer National Check Consolidators of Florida, Inc. ("NCC") and NCC employees Andy Benjamin and Louis Skenderis as participants in the

---

[1] Davis is the trustee of the Plan. (Dkt. No. 1-1 ¶ 4.)

scheme, but does not name them as defendants.[2]  (*E.g.*, Dkt. No. 1-1 ¶¶ 35-38, 51-56.)  On September 4, 2018, Blaney removed the case to federal court based on diversity jurisdiction.  (Dkt. No. 1.)  The Notice of Removal alleged that "Davis was and is a resident and citizen of Florida," the Plan has "an address in Minnesota" where the trustee (Davis) "is a resident and citizen of Florida," Mack "is a resident and citizen of Texas," and "Blaney is a resident and citizen of Illinois."  (Dkt. No. 1 ¶ 6.)  Mack, who has not answered or otherwise responded to the Complaint, consented to the removal.  (Dkt. No. 1-2.)

Plaintiffs' Complaint against Blaney and Mack is not the only lawsuit relating to the alleged Digiliti fraud.  First, in March 2018, investors in Digiliti filed an action in Minnesota federal court against Davis and other officers and directors of Digiliti alleging violations of the Securities Act of 1933.  (*Tiburon Opportunity Fund LP v. Digiliti Money Grp., Inc.*, Case No. 18-cv-637-WMW-KMM (D. Minn. filed Mar. 7, 2018).)  That action was dismissed with prejudice on August 21, 2018 pursuant to a stipulation.  (*Tiburon Opportunity Fund LP v. Digiliti Money Grp., Inc.*, Case No. 18-cv-637-WMW-KMM, Dkt. No. 14 (Aug. 21, 2018).)  Second, Davis filed an action in Hennepin County court against NCC, Benjamin, and Skenderis, along with Erasmo Pineda and Rodolfo Angulo (collectively, the "NCC Defendants") on April 13, 2018 (the "NCC Action").  (Dkt. No. 10 ¶ 2.)  The complaint in the NCC Action did not name Mack or Blaney as

---

[2] The original Complaint refers to "NCC," but there does not appear to be any dispute that the "NCC" in the original Complaint is National Check Consolidators of Florida, Inc.

defendants, although it alleged both participated in the alleged fraud. (*E.g.*, Dkt. No. 14-2 ¶¶ 2-8, 29-45.)

The NCC Action was assigned to Judge Edward T. Wahl. (Dkt. No. 14-5.) NCC, Angulo, Pineda, and Skenderis filed motions to dismiss for failure to join Mack, Blaney, and several others as indispensable parties. (*See* Dkt. No. 14-8.) In their opposition, Plaintiffs argued that Mack, Blaney, and the others were not necessary to the case because "with torts and analogous statutory claims, it is well-established that a plaintiff is not required to join all tortfeasors in a single suit." (Dkt. No. 14-8 at 7 (quoting *Riley v. MoneyMutual, LLC*, 863 N.W.2d 789, 796 (Minn. App. 2015).) The motion to dismiss is still pending.

The Hennepin County court set an August 13, 2018 deadline for Plaintiffs to join additional parties in the NCC Action. (Dkt. No. 14-7, Ex. 7 ¶ 1.) Plaintiffs did not join Blaney and Mack as additional parties in the NCC Action. Instead, Plaintiffs served a separate complaint on Blaney and Mack on August 5, 2018 and August 22, 2018, respectively, and filed that complaint in Hennepin County court on August 8, 2018. (Dkt. No. 1 ¶ 1; Dkt. No. 1-1; Dkt. No. 14-11.) In their brief and during the hearing, Plaintiffs asserted several reasons for filing the separate lawsuit instead of joining Blaney and Mack, including uncertainty about whether they could be served with process, questions about whether they could pay a judgment, and a desire not to undermine Plaintiffs'

position that Blaney and Mack are not necessary parties in the NCC Action. This separate action was originally assigned to Judge Susan Robiner.[3] (Dkt. No. 14-11.)

Although Plaintiffs filed that separate action "with the expectation that the two actions could be consolidated if Mack and Blaney could be located and served with process" (Dkt. No. 8 at 2), Plaintiffs did not move to consolidate the two state court actions before Blaney removed this action on September 4.[4] Instead, on August 13, 2018—the joinder deadline in the NCC Action—Plaintiffs sent a letter to Judges Wahl and Robiner stating they did not oppose consolidation of the two actions but reiterating Plaintiffs' position that Blaney, Mack, and the others were not necessary and indispensable parties to the NCC Action. (Dkt. No. 14-9.) On August 31, 2018, Plaintiffs filed an amended complaint in the NCC Action that did not name Blaney and Mack as defendants. (Dkt. No. 10 ¶ 2.)

On September 4, 2018, Blaney removed this action to federal court on diversity jurisdiction grounds. (Dkt. No. 1.) On September 14, 2018, Plaintiffs filed the present Motion to add the NCC Defendants as defendants in this lawsuit and assert additional claims. (Dkt. No. 6; Dkt. No. 10-3.) Plaintiffs also asked the Court to "remand this action to the state court where it was filed, for some of the additional defendants are citizens of the state of Florida, as is Plaintiff James L. Davis," if the Court permits

---

[3] The case was later re-assigned to Judge Laurie J. Miller. (Dkt. No. 14-12.)
[4] At the hearing on this Motion, Plaintiffs' counsel provided the Court with emails dated August 13, 2018 and September 4, 2018 showing Plaintiffs had proposed consolidation to the defendants in the NCC Action. However, Plaintiffs did not propose consolidation to Blaney or Mack before removal.

4

amendment.[5] (Dkt. No. 6; Dkt. No. 8 at 5.) On the same day, Plaintiffs' counsel filed a declaration "Concerning Default of Defendant Jeffrey Mack," which counsel explained during the October 1 hearing was intended to set up the basis for the Court to enter default against Mack. (Dkt. No. 7.)

The Court held a hearing on the Motion on October 1, 2018. During the hearing, because the Complaint asserted a count under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, the Court asked the parties to file supplemental letter briefs addressing whether the Court lacked subject matter jurisdiction over this action in view of 15 U.S.C. § 77v(a).[6] (*See* Dkt. No. 1-1 ¶¶ 127-33; Dkt. No. 18.) The Court also asked the parties to address the question of whether any claims are severable in view of 28 U.S.C. § 1441(c) if the Court were to deny the Motion. (*Id.*) The parties timely filed letters with the Court. (Dkt. Nos. 19, 20.)

## II. DISCUSSION

### A. Subject Matter Jurisdiction

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). Moreover, federal courts "are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

---

[5] NCC, Pineda, Angulo, and Benjamin are alleged to be citizens of Florida. (Dkt. No. 10 ¶ 6.)
[6] 15 U.S.C. § 77v(a) provides: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Count 1 in this action asserts a claim against Mack under 15 U.S.C. § 77k. (Dkt. No. 1-1 ¶¶ 127-133.) At the October 1 hearing, the Court raised the issue of whether 15 U.S.C. § 77v(a), which provides: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States," deprived the Court of subject matter jurisdiction over this action. Plaintiffs did not raise this issue in their Motion or supporting documents; rather the Court raised the issue *sua sponte* due to the federal courts' "independent obligation to examine their own jurisdiction." *FW/PBS*, 493 U.S. at 231.

The Eighth Circuit does not appear to have addressed the question of whether the "anti-removal" provision of 15 U.S.C. § 77v(a) is jurisdictional in nature.[7] However, the Eighth Circuit has found a similar anti-removal statute, 28 U.S.C. § 1445, is non-jurisdictional.[8] *See In re Norfolk So. Ry. Co.*, 592 F.3d 907, 912 (8th Cir. 2010). In so holding, the Eighth Circuit relied on two earlier cases where it had noted that plaintiffs, by failing to timely seek remand based on § 1445(c)'s prohibition against removal of actions arising under workers' compensation state law, had waived removal based on that prohibition. *Id.* at 911-912 (citing *Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025 (8th Cir. 2006) and *Phillips v. Ford Motor Co.*, 83 F.3d 235 (8th Cir. 1996)). The Eighth Circuit reasoned "[i]f § 1445 truly involved subject matter jurisdiction, it could

---

[7] Ninth Circuit caselaw suggests that the anti-removal provision is jurisdictional. *See, e.g.*, *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009).
[8] 28 U.S.C. § 1445 provides: "A civil action in any State court against a railroad . . . arising under [45 U.S.C. §§ 51 to 60] may not be removed to any district court of the United States."

not be waived, as parties cannot waive subject matter jurisdiction." *In re Norfolk*, 592 F.3d at 912. The Southern District of Iowa recently relied on *In re Norfolk* when finding "the anti-removal provision in 15 U.S.C. § 77v(a) does not implicate this Court's subject matter jurisdiction." *Christians v. KemPharm*, Inc., 265 F. Supp. 3d 971, 975-76 (S.D. Iowa 2017). In view of this Eighth Circuit law, the Court concludes that 15 U.S.C. § 77v(a) does not implicate subject matter jurisdiction. Rather, violation of § 77v(a)'s anti-removal prohibition is a procedural defect in removal.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Motion pending before the Court is a motion to amend that also seeks remand based on the lack of diversity jurisdiction if amendment is permitted. Plaintiffs have not filed a motion to remand based on § 77v(a). Instead, Plaintiffs "ask[ed]" at the end of their October 3, 2018 supplemental letter brief "that the Court remand the action back to state court" because they "object to removal and do not waive the protection of 15 U.S.C. § 77v(a)." (Dkt. No. 19 at 2.) This Court cannot now order remand based on § 77v(a) when Plaintiffs have not filed a motion seeking such relief. *See* Fed. R. Civ. P. 7.1(b)(1) ("A request for a court order must be made by motion."); *see also AEI Income & Growth Fund 23 LLC v. Razzoo's, LP*, CIV.03-6509(RHK/JSM), 2004 WL 547226, at *3 n.2 (D. Minn. Mar. 17, 2004) (denying request in brief for attorneys' fees and costs); *see also Great Clips, Inc. v. Levine*, CIV. 3-90-211, 1993 WL 476623, at *3 n.1 (D. Minn. June 16, 1993) ("This Court ruled only on those motions properly before it."). Accordingly, the Court turns to the merits of

7

Plaintiffs' motion to amend the complaint to join parties and remand to state court based on the destruction of diversity jurisdiction if amendment is permitted.[9] (Dkt. No. 6.)

B.  Motion to Amend

   1.  Legal Standard

Generally, under Rules 15(a) and 20(a)(2), when a plaintiff moves to amend its complaint to join parties as defendants, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, in a case that has been removed from state court, when "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When faced with an amended pleading naming a new nondiverse defendant in a removed case, a court should scrutinize that amendment more closely than an ordinary amendment. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009).

Under such circumstances, the Eighth Circuit requires a court to "'consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.'" *Id.* (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). When balancing those interests, a

---

[9] Because there is no pending motion to remand based on § 77v(a), the Court need not decide whether, as Blaney argues, Plaintiffs have waived their opportunity to seek remand based on Section 77v(a). (*See* Dkt. No. 20.) However, the Court notes that Plaintiffs have filed, briefed, and argued a motion to amend the Complaint as well as filed a declaration (Dkt. No. 7) intended to set up the basis for the Court to enter default against Mack. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A party that engages in affirmative activity in federal court typically waives the right to seek a remand, particularly if the federal court has ruled unfavorably.") (citations omitted).

court must "consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id.* (alterations in original) (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 11-12 (E.D. Mo. 1991)). A court should also consider "any other factors bearing on the equities. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Where the proposed additional parties are not indispensable, a district court has "full discretionary authority to deny joinder and retain jurisdiction over the action."[10] *Bailey*, 563 F.3d at 308.

### 2. Analysis of *Bailey* Factors

The Court first considers "the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction." *Bailey*, 563 F.3d at 309. Plaintiffs do not assert that the proposed amendment is based on recently discovered evidence or any new legal theory. On the contrary, "Plaintiffs have essentially the same state law claims against the NCC Defendants they have against Mack and Blaney, and Plaintiffs rely on the same set of factual allegations to support their claims against both sets of defendants." (Dkt. No. 8 at 9.) The parties that Plaintiffs seek to join are already named as defendants in the NCC Action, and Plaintiffs have known of their participation in the alleged fraud at least since Plaintiffs sued them in Hennepin County court in April 2018. (*See* Dkt. No. 14-2 ¶ 7.)

---

[10] At the hearing, the parties agreed that the NCC Defendants are not necessary and indispensable parties to this action, so the Court will treat the NCC Defendants as permissive and analyze the *Bailey* factors accordingly.

9

Plaintiffs assert that "consolidation of litigation" is the reason for the proposed amendment. (Dkt. No. 8 at 8.) While Plaintiffs sent a letter to Judges Wahl and Robiner stating they "do not oppose consolidation" of the cases and proposed consolidation to the NCC Defendants on August 13, they never contacted Blaney or Mack about consolidation or moved for consolidation before the September 4 removal. During the October 1 hearing, Plaintiffs stated that their hope was to get all claims in state court in front of one judge. Based on these facts and drawing reasonable inferences from them, *see Bailey*, 563 F.3d at 309, the Court concludes that Plaintiffs' primary (if not only) purpose in joining the NCC Defendants is to destroy diversity, resulting in remand to state court and potentially consolidation. Because joinder is sought to destroy diversity, this factor weighs against granting the Motion.

Second, the Court considers whether Plaintiffs have been dilatory in asking for amendment. *Bailey*, 563 F.3d at 309. Here, Plaintiffs filed their Motion 10 days after Blaney removed this case to federal court. (Dkt. Nos. 1, 6.) This factor weighs in favor of granting the Motion.

Third, the Court considers whether Plaintiffs "will be significantly injured" if amendment is denied. *Bailey*, 563 F.3d at 309. Plaintiffs allege one potential injury: "Plaintiffs **may** be significantly prejudiced if amendment is not allowed, for numerous NCC Defendants have moved to dismiss Plaintiffs' claims against them in a separate action based on an argument that Mack and Blaney are necessary parties. If this Court does not permit joinder of the NCC Defendants, and if Plaintiffs' pending state court action is dismissed for failure to join Mack and Blaney, Plaintiffs will be left without an

opportunity to litigate their claims against the NCC Defendants in any forum." (Dkt. No. 8 at 8 (emphasis added).) This sequence of events is speculative at best and does not demonstrate that Plaintiffs will be significantly injured if amendment is denied. On the contrary, during the October 1 hearing, Plaintiffs conceded that they would not necessarily be without options if the motion to dismiss were granted, as they could re-file in state court naming all necessary parties. Further, because Plaintiffs allege that Mack, Blaney, and the NCC Defendants are joint tortfeasors, Plaintiffs have not shown they will be significantly injured if amendment is not allowed.[11] *See Bailey*, 563 F.3d at 309. Thus, this factor weighs against permitting amendment.

Finally, the Court considers "any other factors bearing on the equities." *Ryan*, 263 F.3d at 819. Here, the Court considers the parties' arguments regarding the burden imposed on Blaney if amendment is permitted and the case remanded to state court for consolidation, as well as the burden imposed on Plaintiffs if required to litigate parallel cases in state and federal court.

Blaney argues that he will be prejudiced if amendment is granted and this action remanded and then consolidated with the NCC Action due to the schedule in the NCC Action. (Dkt. No. 13 at 18-19.) Under the operative schedule in the NCC Action, the fact discovery deadline was October 10, 2018, expert discovery is set for October and November 2018, the dispositive motion deadline is December 4, 2018, and trial is set for March 18, 2019. (Dkt. No. 14-7.) Plaintiffs respond that the schedule in the NCC Action

---

[11] Plaintiffs do not argue prejudice based on concerns about whether Blaney or Mack can satisfy a judgment.

is likely to be amended pursuant to the parties' stipulation because no answer has been filed or discovery has taken place—but the parties have not yet filed a motion to amend. While the Court is reluctant to speculate as to the Hennepin County court's future decisions, it appears unlikely that the operative schedule will stand in the NCC Action or that Blaney would be prejudiced on this ground.

Plaintiffs, for their part, argue that they will be prejudiced if required to litigate parallel lawsuits in state and federal court. Plaintiffs rely heavily on *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 184 (E.D.N.Y. 2012), when arguing that the interest in avoiding parallel lawsuits weighs in favor of amendment. The Court notes that *Vanderzalm*, an Eastern District of New York case, applies a different test than the *Bailey* test, where in *Vanderzalm*, "the likelihood of multiple litigation" is a specifically identified factor when deciding whether to permit amendment. *See Vanderzalm*, 875 F. Supp. 2d at 184. In contrast, rather than constituting a separate factor in the analysis, "not having parallel litigation" is the interest balanced by the *Bailey* test against the defendant's competing interest in having a federal forum. *See Bailey*, 563 F.3d at 309.

Regardless of how the concerns about parallel litigation are considered in the analysis, the Court finds that the equities surrounding parallel litigation weigh against amendment under the facts of this case. Plaintiffs are responsible for the existence of two separate lawsuits arising out of the Digiliti transactions. Plaintiffs chose not to name Blaney and Mack in the original complaint or amended complaint in the NCC Action, even in the face of the NCC Defendants' motion to dismiss. This was because Plaintiffs wanted to "maintain a line" between the NCC Defendants and Blaney and Mack to avoid

any appearance that Blaney and Mack are necessary parties in the NCC Action.[12] By choosing to maintain that line through a second, separate action, Plaintiffs ran the risk of parallel litigation in state court, or, as it turns out, in state and federal court. Plaintiffs increased that risk by not moving for consolidation between the August 8 filing of the separate action and its September 4 removal. While Plaintiffs proposed consolidation to the NCC Defendants, they never contacted Blaney or Mack regarding consolidation (or the NCC Action) before removal. Plaintiffs are entitled to make strategic decisions in pursuit of their claims, but when those decisions result in an unanticipated and unwanted result—removal to federal court—the equities do not favor permitting an amendment that allows Plaintiffs to erase those decisions and start over. The Court takes seriously concerns regarding judicial economy and efficiency, but as even *Vanderzalm* acknowledges, "where the multiplicity of litigation is due to the plaintiff's litigation strategy, this [the risk of multiple litigation] factor carries less weight." 875 F. Supp. 2d at 186. That is precisely the case here. For these reasons, the Court finds the other factors bearing on the equities weigh against permitting joinder.

* * *

Based on its analysis of the three enumerated *Bailey* factors and other factors bearing on the equities, the Court concludes that Blaney's interest in maintaining a

---

[12] Plaintiffs did not explain why concerns about service on or obtaining a judgment from Blaney and Mack required a second, separate lawsuit against those parties, nor did they explain why they did not propose consolidation to Blaney and Mack any time between filing the separate action on August 8 and its removal on September 4.

federal forum outweighs the competing interest of not having parallel lawsuits. *See Bailey*, 563 F.3d at 309. The Court therefore denies the Motion.

### III. CONCLUSION

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

Plaintiffs' Motion to Amend to Join Parties and to Remand to State Court (Dkt. No. 6) is **DENIED**.

DATED: October 23, 2018

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge